## *EX PARTE* RICHARDSON.

WILL—LIFE ESTATE—INTEREST.—Under this will the widow upon marriage took one-third of the estate during her life, "then to return to my estate for the use and benefit of my children," and hereunder the only surviving grand-child, is sole taker; but the assignee of the interest of the life tenant in the bond and mortgage in which her share had been invested, is entitled to the interest up to the death of the life tenant.

Before BUCHANAN, J., Barnwell, December, 1902. Modified.

Petition of Katie E. Richardson in *ex parte* Thos. L. Enicks *in re* estate of Thos. L. Enicks. From Circuit decree, petitioner appeals.

*Messrs. J. O. Patterson* and *Davis & Best,* for appellant, cite: *Children of testator took a vested transmissible interest, upon their marriage or majority it vested and upon their death passed to their heirs:* 1 Hill Ch., 259; 1 Strob. Eq., 44; 10 S. C., 386; 23 S. C., 512; Speer's Eq., 412; 4 Rich. Eq., 481; 10 Rich. Eq., 405; 11 Rich. Eq., 527; 12 S. C., 172; 16 S. C., 227, 290; 20 S. C., 318; 21 S. C., 529.

*Messrs. Bates & Simms,* contra, cite: *Grand-children take under bequest to children, when no children are alive:* 1 Strob. Eq., 84, 114; Bail. Eq., 7.

June 19, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The questions presented by this appeal arise upon the construction of the will of Thomas L. Enicks, deceased, by his Honor, Judge O. W. Buchanan, on an agreed statement of facts, as follows:

"I. That one Thomas L. Enicks, of this county, died in 1843, leaving of force his last will and testament, which is submitted for construction.

"II. That the beneficiaries under the said will were his widow, Jane M. Enicks, and the following named children: Clifford Enicks, Melissa Independence Enicks, Mary Enicks and Isabella Philadelphia Enicks, and the said will is to be construed with reference only to the share of the testator's estate which was given to the widow, Jane M. Enicks, who, after the death of the testator, intermarried with one William Hogg, and will hereafter be known as Jane M. Hogg.

"III. That Mary Enicks died before she was grown—unmarried—and was the first of the children to die.

"IV. That Melissa Independence Enicks married one W. W. Enicks, a relative, of which marriage Thomas L. Enicks, the petitioner, was born, and he was the only child of this marriage, and both father and mother died while he was a child.

"V. That the third one of the testator's children to die was the son, Clifford Enicks, who died about the year 1886, having never married, and, hence, left no children.

"VI. That Isabella Philadelphia intermarried with one Jabez Nobles, but never had any children. Nobles died years ago, and his widow, Isabella Philadelphia, died some three or four years ago, being the last one of the said testator's children to die.

"VII. That Jane M. Hogg died some time during the year 1901, surviving Mrs. Nobles about two years, which left the petitioner, Thomas L. Enicks, the sole surviving heir and distributee at law of the testator, Thomas L. Enicks, deceased.

"VIII. That in 1882 a proceeding was had in this Court, in which Jane M. Hogg was the plaintiff, and J. J. Brabham

*et al.,* defendants (but the petitioner herein, Thomas L. Enicks, was not a party thereto), which resulted in an order for the master to invest the share of Jane M. Hogg, given her for life by the will of Thomas L. Enicks, deceased, in a mortgage on real estate, taking the mortgage in his (master's) name and his successors; and for him to collect the interest annually and pay it over to Jane M. Hogg as long as she lived.

"IX. That the master, in pursuance of the said order of the Court, loaned out the amount, viz: $1,048.39, on the 18th of July, 1883, and took a bond, secured by mortgage on real estate, and has been collecting the interest and paying annually to Mrs. Jane Hogg, up to and until the    day of        , 1900, when she, Mrs. Hogg, assigned all of her right, title and interest in the said bond and mortgage to Mrs. Katie E. Richardson.

"X. That, upon the death of Mrs. Hogg, Thomas L. Enicks filed his petition in this Court, which has just been read, claiming that he is entitled to the said bond and mortgage under the will of Thomas L. Enicks, deceased, as the sole surviving heir at law of the testator, and subsequently the said Katie E. Richardson interpleaded, and claims that she is entitled to the bond and mortgage under the assignment made to her by Mrs. Jane M. Hogg as aforesaid."

The will of Thomas L. Enicks is as follows:

"State of South Carolina, Barnwell District.

"In the name of God, Amen.   I, Thomas L. Enicks, being of sound mind and memory, do make this, my last will and testament.   After all my just debts and funeral expenses are paid, I wish the remainder of my property, both real and personal, to be kept together for the support of my wife and children during the widowhood of my said wife.

"If my said wife, Jane M. Enicks, shall enter into a second marriage, then, and in that case, she shall be entitled, and do hereby give to her, one-third of my estate, both real and personal, for her sole use, until her death, then to return to my estate for the use and benefit of my children.

"If my children, Clifford, Melissa Independence, Mary and Isabella Philadelphia, should die before they marry or arrive at the age of twenty-one, then, and in that case, my said children that may be alive at the time of the death of such of my children or child shall be entitled to receive the part or portion of such deceased child or children, share and share alike.

"I will and desire that my negro man, Eleck, be sold so soon as it may or can be done for the advantage of my estate, and the money arriving from the sale of said negro, Eleck, be laid out in the purchase of another negro for the use of my wife and children and that the said negro be sold at a distance. Thos. L. Enicks. [L. S.]"

The decree of Judge Buchanan is:

"This was a proceeding brought to construe the will of the late Thomas L. Enicks, deceased, in so far as it may bear upon the interest taken by the widow, Jane M. Enicks, who, after intermarrying with William Hogg, died in the year 1901. She was to have the estate during widowhood, but if she married again, she was to have one-third for life. It is only that matter which is involved here.

"Thomas Enicks is the sole surviving heir and distributee. I think the better view is that Jane Hogg had but an estate for life, and, upon her death, the property returned to (the person then entitled to) the estate. After her death the sole plaintiff here, Thomas L. Enicks, became entitled to and is now the owner of the property. The life tenant could assign or convey only her interest and could convey nothing beyond such life estate. She could in no way prejudice or affect the interest of the next taker, Thomas L. Enicks, who will hold as if there had never been any attempt to affect the property he is entitled to hold. The assignee of the life tenant has no interest after the life estate has ceased to exist."

The petitioner, Katie E. Richardson, presents the following grounds of appeal:

"1. Because his Honor erred in holding that after the death of Jane Hogg, Thomas L. Enicks became entitled to

and is now the owner of the property; whereas, his Honor should have held that Katie E. Richardson, the assignee of the said bond and mortgage, owned an interest in said bond and mortgage, by reason of the assignment to her by the said Jane Hogg.

"2. Because his Honor erred in holding that Jane Hogg was a life tenant and could convey nothing beyond such life estate; whereas, his Honor should have held that Jane Hogg, under the will of said Thomas L. Enicks, took an estate for life with remainder to the children of the said Thomas L. Enicks named in said will, said remainder under the terms of said will became vested in each of said children upon their arrival at the age of twenty-one, or upon their marrying, and that upon the death of any such child or children who had arrived at the age of twenty-one or married, then their interest in said bond and mortgage passed to their heirs at law under the statutes of distribution, and that their mother, Jane Hogg, inherited from such deceased child under the statutes of distribution, and that such interest was passed to Katie E. Richardson by the assignment of said bond and mortgage.

"3. Because his Honor erred in holding that the assignee of Jane Hogg had no interest after the life estate ceased to exist; whereas, his Honor should have held that the interest upon said bond and mortgage, which accrued before the death of the said Jane Hogg, passed under the said assignment to the said Katie E. Richardson."

We have carefully considered the exceptions and have reached the conclusion that the Circuit Judge should be sustained except as to the third exception. It is evident that the testator, by his will, intended that all of his estate, real and personal, except the slave "Eleck," should be kept together during the widowhood of his wife, Mrs. Jane Enicks, and used for her support and that of testator's children. This arrangement of the testator was defeated by the intermarriage of his said widow with one William Hogg. But the will contained a provision which governed in this

27—66

contingency, viz: That in that event Jane, the widow, should receive one-third of the whole estate, real and personal, to be enjoyed by her for and during her natural life, and no longer; and that after her death, her share should return to testator's estate for the use and benefit of testator's children. Now, it is this item of the will which by the agreement of parties has come before us. The fact that the said widow of testator did, in the last years of her life, assign all her interest in the bond and mortgage (which now represents the whole of the one-third part of her husband, Enick's, estate), can make no difference. The widow could assign only what her estate was in said bond and mortgage. And as her estate was only a life estate, she could only assign her life estate therein. She died in the year 1901; therefore, the assigned estate terminated in that year, 1901.

The clause or item of the will which referred to the shares of testator's children does not allow the widow any share in the shares of the children who shall die before marriage or before reaching the age of twenty-one years. The surviving children inherit. So, therefore, the first and second exceptions should be overruled.

We think the petitioner, Katie E. Richardson, is entitled to receive any and all interests due on the bond and mortgage at the date of the death of Mrs. James Hogg, in the year 1901. This exception is, therefore, sustained. The decree must be modified to this extent.

It is the judgment of this Court, that the decree of the Circuit Court be so modified that Katie E. Richardson shall receive all the interest on the bond and mortgage due thereon up to the date of the death of Mrs. Jane Hogg, in the year 1901, and in all other respects the said Circuit decree is affirmed.